# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MARY LISA RUSSELL, )
)
    Plaintiff, )
vs. ) CASE NO. 6:17CV-507-ORL-37-KRS
)
ECI ELECTRIC, INC., WILLIAM )
LAWSON, and PAUL LAWSON, )
)
    Defendants. )
_____/

## COMPLAINT

COMES NOW, the Plaintiff, MARY LISA RUSSELL (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues ECI ELECTRIC, INC., WILLIAM LAWSON, and PAUL LAWSON (hereinafter collectively referred to as "Defendants"), and alleges:

### JURISDICTION AND VENUE

1. This is an action to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA").

2. Jurisdiction is conferred upon this Court pursuant to Section 16(b) of the Act, 29 U.S.C. § 216(b).

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendants do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Plaintiff, MARY LISA RUSSELL, was an employee of the Defendants, during the three (3) years before the date on which this Complaint was filed, and worked for the Defendants at their office location in Belleview, Marion County, Florida and in the surrounding areas of this District.

5. Defendant, ECI ELECTRIC, INC., is a Florida Limited Liability Company duly licensed and organized under the laws of the State of Florida and is engaged in the business of providing electrical contracting and electrician services.

6. Defendant, WILLIAM LAWSON, is a resident of the State of Florida, and is the owner, operator, president, director, managing member, or is otherwise a management employee of ECI ELECTRIC, INC.

7. Defendant, PAUL LAWSON, is a resident of the State of Florida, and is the owner, operator, president, director, managing member, or is otherwise a management employee of ECI ELECTRIC, INC.

## FACTUAL ALLEGATIONS

8. The Defendant, ECI ELECTRIC, INC. (hereinafter "ECI"), is an employer and enterprise engaged in interstate commerce.

9. The Defendant, WILLIAM LAWSON, is an employer and enterprise engaged in interstate commerce.

10. The Defendant, PAUL LAWSON, is an employer and enterprise engaged in interstate commerce.

11. The Defendants, as part of their business, engage in interstate commerce by processing credit cards which are instruments of interstate commerce, by transacting business with

foreign corporations which are part of interstate commerce, by purchasing equipment, products, materials, and supplies from suppliers and vendors out of state which are part of interstate commerce, by advertising on the World Wide Web to potential clients and customers outside of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

12. Furthermore, the Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, uses telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

13. The Defendants' operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that the Defendants constitute a single and/or joint employer under the law.

14. The Defendant, ECI, has annual revenue of at least five hundred thousand dollars ($500,000.00).

15. The Defendant, WILLIAM LAWSON, has annual revenue of at least five hundred thousand dollars ($500,000.00).

16. The Defendant, PAUL LAWSON, has annual revenue of at least five hundred thousand dollars ($500,000.00).

17. Alternatively, if any individual Defendant does not have annual sales of five hundred thousand dollars ($500,000.00), then all Defendants combined have annual revenues of at least five hundred thousand dollars ($500,000.00).

18. The Defendants control the day to day operations of ECI ELECTRIC, INC. and are actively involved in the day to day operations of ECI ELECTRIC, INC. including matters

concerning hiring, firing, payroll, setting policies, making procedures, setting goals, marketing, setting service and treatment rates, and other business operations.

19. Defendants supervise the operations of ECI ELECTRIC, INC. including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

20. Defendant, ECI, at all times material, is an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

21. Defendant, WILLIAM LAWSON, at all times material, is an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

22. Defendant, PAUL LAWSON, at all times material, is an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

23. The Plaintiff is, at all times material, an "employee" of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

24. Alternatively, the Plaintiff was an individual who was directly and individually involved in interstate commerce as a result of his employment with Defendants.

25. The Defendants are the Plaintiff's employer.

26. The Defendants hired the Plaintiff, MARY LISA RUSSELL, in or about August 2012 to work for the Defendants as, but not limited to, office manager at the Defendants' Belleview office location.

27. The Plaintiff's primary duties included, but were not limited to, general office duties, human resources issues, payroll, ordering, and various other office tasks.

28. At all times material herein, the Defendants controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendants

were responsible for hiring the Plaintiff, having the ability to terminate the Plaintiff, setting the Plaintiff's rate of pay, determining if overtime was to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, assigning the Plaintiff's work duties, and supervising the Plaintiff.

29. The Defendants failed to pay the Plaintiff for each and every hour the Plaintiff worked for the Defendants.

30. The Defendants permitted the Plaintiff to work for them but did not pay her for all work that she performed for the Defendants.

31. The Plaintiff was an hourly, "non-exempt" employee of Defendants.

32. On average, the Plaintiff worked approximately forty-four (44) hours per week between August 2012 and April 4, 2016.

33. The FLSA mandates that an employer pay an employee at least the minimum wage for each hour worked.

34. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage, for each hour worked as required by the FLSA.

35. The FLSA mandates an employer pay its employees time and a half for each and every hour worked in excess of forty (40) hours in a work week.

36. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employees receive compensation for all hours he or she is employed in excess of forty (40) hours at a rate not less than one and one-half times (1 ½) the regular rate of pay.

37. The Plaintiff regularly worked over forty (40) hours per week for the Defendants and was not paid one and one-half (1 ½) times her regular rate of pay for all hours that she worked over forty (40) hours in a work week.

38. The Defendants were aware that the Plaintiff worked in excess of forty (40) hours in a work week.

39. Plaintiff was not paid overtime compensation for each and every hour that she worked over forty (40) hours in a work week.

40. Defendants knew and were aware at all times that Plaintiff regularly worked more than forty (40) hours per week without overtime compensation.

41. Plaintiff was entitled to be paid at a rate of one and one-half (1 ½) times her regular hourly rate for each hour worked in excess of forty (40) in a work week.

42. Defendants failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work week.

43. All records concerning the hours worked by the Plaintiff are in the possession and custody and control of the Defendants. Therefore, the Plaintiff is unable to determine and state the exact amount of damages due.

44. The Defendants managed the work that the Plaintiff performed, the hours worked, and dictated, controlled, and ratified compensation policies that applied to the Plaintiff.

45. The Defendants are each and jointly involved with paying the Plaintiff.

46. The Defendants' actions in failing and/or refusing to pay the Plaintiff the applicable minimum wage or overtime compensation, as required by the FLSA, were willful and not in good faith.

47. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

## COUNT I – FAILURE TO PAY MINIMUM WAGE

48. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

49. The Plaintiff is an employee within the meaning of the FLSA.

50. The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

51. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

52. The Plaintiff worked for the Defendants at their Belleview, Florida office from approximately August 2012 through December 2016.

53. During her time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of, but not limited to, office manager for the Defendants at ECI.

54. Defendants failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

55. The Defendants were aware they had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

56. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

57. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

58. Because of Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover her attorneys' fees and costs connected with this suit.

59. As a result of the unlawful acts of Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

B. Enter judgment for the Plaintiff declaring that the Defendants violated the minimum wage provisions of the Fair Labor Standards Act and enjoining the Defendants from refusing to pay minimum wages, as required by the FLSA, to Plaintiff or other employees in the future;

C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

D. Award Plaintiff an equal amount in liquidated damages;

E. Award Plaintiff reasonable attorney's fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just.

## COUNT II – FAILURE TO PAY OVERTIME

60. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through forty-seven (47) above as if fully set forth herein.

61. The Plaintiff is an employee within the meaning of the FLSA.

62. The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

63. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

64. The Plaintiff worked for the Defendants at their Belleview, Florida office from approximately August 2012 through December 2016.

65. During her time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of, but not limited to, office manager for the Defendants at ECI.

66. During her time as an employee of Defendants, the Defendants employed Plaintiff in excess of forty (40) hours without paying her at a rate of one and one half (1 ½) times her regular rate of pay for all hours worked in excess of forty in a work week as required by the FLSA, and thus have violated the Plaintiff's rights under § 207 of the FLSA.

67. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

68. As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times her regular rate of pay for all hours she worked in excess of 40 hours for each week she was employed by the Defendants and for which she was not paid one and one half (1 ½) times her regular rate.

69. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

70. The Defendants were aware the Plaintiff worked in excess of forty (40) hours in a workweek.

71. The Defendants failed and refused to properly compensate the Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

72. Because of Defendants' actions, Plaintiff has had to retain counsel and is entitled to recover her attorneys' fees and costs connected with this suit.

73. As a result of the unlawful acts of the Defendants, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

    A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

    B. Enter judgment for the Plaintiff declaring that the Defendants violated the overtime provisions of the Fair Labor Standards Act and enjoining the Defendants from refusing to pay overtime compensation, as required by the FLSA, to Plaintiff or other employees in the future;

    C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

    D. Award Plaintiff an equal amount in liquidated damages;

    E. Award Plaintiff reasonable attorney's fees and costs of suit; and

    F. Grant such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

DATED this 14th day of March, 2017.

Respectfully submitted,

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 015484
BRADLEY S. LARSEN, ESQ.
FL Bar No. 0114100
Law Office of Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Counsel for Plaintiff*